THE TEXAS & PACIFIC RAILWAY COMPANY v. J. P. DAVIDSON.

No. 71.

1. **Carriers of Passengers — Degree of Care Required.** — Railway companies are held by law to exercise the highest degree of care regarding the safety of their passengers—a degree of care proportionate to the nature and risks of the business, and such as would ordinarily be exercised by persons of great care and prudence under similar circumstances.

2. **Same—Charge of Court.**—It was not error in the court to charge, that the defendant railway company was responsible to the plaintiff for the "actual" and direct results of the injury," instead of charging that the defendant was liable for injuries sustained which were the direct and natural results of the negligence complained of by plaintiff, since there is no material distinction between an injury and the results thereof.

3. **Same—Evidence of Permanent Injury.**—See the opinion for evidence held sufficient to warrant a charge of court on the theory that the plaintiff had received permanent injuries caused by the derailment of a train.

APPEAL from Eastland.   Tried below before Hon. T. H. CONNER.

*B. G. Bidwell,* for appellant.— 1. The test of negligence vel non is the want of such care as would be exercised by persons of prudence, not simply under similar circumstances, but by such a person engaged in a similar business.   Railway v. Halloren, 53 Texas, 46.

2. The court erred in charging the jury, that the defendant company was responsible to the plaintiff for the natural and direct results of the injury, instead of charging that the defendant was liable for injuries sustained which were the direct and natural result of the negligence complained of by plaintiff.   1 Suth. on Dam., 18.

*J. H. Calhoun* and *R. B. Truly,* for appellee.— 1. The charge of the court as to the degree of care required of railway companies toward their passengers was a correct enunciation of the law, and is not perceptibly different from appellant's proposition, stating the test of negligence. Railway v. Halloren, 53 Texas, 46, 53.

2. If the charge of the court in finding negligence was in the opinion.

of appellant too general and indefinite, or not the correct law of the case, he should have requested a correct instruction upon the point. Robinson v. Davenport, 40 Texas, 333; Davis v. Roosvelt, 53 Texas, 305; Loper v. Robinson, 54 Texas, 510; Ins. Co. v. Ice Co., 64 Texas, 578; Railway v. Leak, 64 Texas, 654.

TARLTON, Chief Justice.—On March 11, 1889, the appellee, J. P. Davidson, was a passenger on one of appellant's passenger trains. He was en route from Strawn, Texas, to Washington Territory. The train was passing a switch and side track about six miles east of El Paso, Texas, and the switch at the west end of the side track had been negligently left open. It consequently, on reaching the switch, running at the rate of 30 or 35 miles per hour, was derailed and wrecked. The coach in which appellee was sitting was "knocked forward," and appellee was thrown back against the arm of the seat which he had occupied, the arm striking him in the "small of the back" on the left side of the spleen, near the backbone. On August 1, 1889, on account of this injury, appellee brought this suit, and on June 2, 1890, recovered a verdict and judgment in the sum of $2000; hence this appeal.

Appellant's first assignment of error challenges the correctness of the court's instruction in charging the jury, that "the degree of care required of defendant as a railway company toward the plaintiff as a passenger is such as would ordinarily be exercised by persons of great care and prudence under similar circumstances." The following is the court's instructions upon this subject:

"Our law requires of railway companies a high degree of care in the management and operation of their trains to prevent injury to their passengers. The degree of care required is proportionate to the nature and risks of the business, and is such as would ordinarily be exercised by persons of great care and prudence under similar circumstances. The want of such care constitutes negligence." We approve this charge. Railway companies, while not insurers of the safety of their passengers, are held to exercise the highest degree of care regarding such safety. Railway v. Burnett, 80 Texas, 536; Railway v. Stuart, 1 Texas Civ. App., 642.

Appellant next complains, that the court erred in charging the jury that defendant company is responsible to the plaintiff for the "actual and direct results of the injury," instead of charging that the defendant is liable for injuries sustained which were the direct and natural results of the negligence complained of by plaintiff. The charge on this subject was as follows:

"Should an injury proximately result to a passenger from the negligence of a railway company, its agents or employes, then such company is responsible in damages for the actual and direct results of such injury."

We do not think this charge furnishes ground for complaint. The proposition involved in appellant's assignment seeks to make a distinction between an injury and the results thereof. Since the character and extent of an injury are fixed by its results, this distinction impresses us as factitious and futile.

Appellant's concluding assignment of error is as follows: "The court erred in charging on the measure of damages in that part of the charge which tells the jury that they may consider the plaintiff's impaired ability to perform his accustomed business. There is no competent evidence which in any way authorizes this part of the charge; no evidence of permanent injury."

The evidence shows that the business of the plaintiff was that of a surveyor; that within an hour after the accident he became unable to walk; that at the time of the trial, more than a year after the accident, he was still unable to walk, except with the assistance of a cane; that he had not, since the accident, had a day and night's rest from the pain; that he was unable to do any work, and was threatened very seriously with paralysis in his left side, including his leg and thigh, left arm and neck; that he had been unable to perform any manual labor since receiving the injuries; that previous to these injuries he had made arrangements tending to engagements as a surveyor, from which he reasonably expected to realize $100 per month; that he had to abandon these arrangements; that thereafter he had been offered $60 per month to oversee hands at a saw mill, but that his health would not permit him to engage even in this business. We think this evidence was sufficient to justify a submission by the court of the issue complained of. The physician, Dr. Antony, who examined the plaintiff, testified as follows: "He, the plaintiff, is unable to walk without a stick; and while I can not tell with certainty the permanency of his injuries, I think it will be a long time before he recovers, if at all; and in my opinion his injuries are probably permanent."

The fact that in the opinion of the physician the injuries of the appellee were probably permanent, instead of weakening, would, as we think, tend to strengthen the conclusion that may be drawn from other portions of the testimony, that the injuries were actually permanent.

The judgment is affirmed.

*Affirmed.*

Delivered January 24, 1893.