### DALLAS CONSOLIDATED TRACTION RAILWAY COMPANY V. MRS. M. J. RANDOLPH.

#### No. 466.

1. **Common Carrier—Degree of Care—Charge of Court.**—A charge of the court, to the effect that it is the duty of a railway company to have prudent and competent employes to manage and operate its cars running on its roads in a city, and for such employes to use reasonable and proper care and prudence in operating the cars so as to carry with safety those who ride on the same, is held subject to the criticism that it tends to make the railway company a guarantor of the safety of those who ride upon its cars.

2. **Same—Measure of Care Defined.**—The law imposes upon a carrier of passengers that high degree of care which cautious, prudent persons, skilled in the particular business, would commonly use under like circumstances. The amount of care is that which would be suggested to cautious, prudent persons, skilled in the particular business, by the facts and circumstances surrounding the particular occasion.

3. **Same—Contributory Negligence.**—It is error to charge, that in order to acquit the defendant railway company of liability, the jury must not only find that it discharged the duties imposed by law upon it, but must also find that the plaintiff, in receiving the personal injuries, was guilty of contributory negligence, if under the evidence there is a theory upon which the jury might have determined that defendant's servants in charge of its car were not guilty of negligence, and that the plaintiff was also free from contributory negligence.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE.

*Leake, Shepard & Miller*, for appellant.—1. The charge makes the defendant guarantee the safety of those who ride on its cars. While a common carrier of passengers by street railroad cars is required to exercise a very high degree of skill, care, and prudence, such as might be reasonably expected of prudent persons engaged in that business, in view of the dangers naturally to be apprehended, yet such a carrier

is not an insurer of the safety of its passengers, and is not bound at all events to carry them safely or without injury. Halloren v. Railway, 53 Texas, 46.

2. If the defendant's motorman was free from negligence at the time, and was in the proper careful discharge of his duty, then the defendant would not be liable to appellee, whether her act in jumping from the car was negligence or not.

*Wooten & Kimbrough,* for appellee.—1. Where the facts in evidence raise clearly the question of the care and prudence of the employes operating a dangerous business, and the pleadings of plaintiff allege want of due care, recklessness and negligence of the employes of defendant, the issue of the competency and care and prudence of the employes is one for the jury, and should be submitted to it under proper instructions as to the duty of the defendant.

2. The charge of the court does not reasonably nor by any just and fair interpretation admit of the construction of requiring the appellant to become an insurer of its passengers. Railway v. Long, 26 S. W. Rep., 116; Martin v. Railway, 3 Texas Civ. App., 135; Railway v. Rowland, 2 Texas Civ. App., 148.

3. The existence of such a conjunction of circumstances as to create reasonable apprehension of imminent danger in the mind of a passenger of a common carrier, under the facts of a case like this, presupposes and necessarily involves the negligence of the transporting company or its servants, and until this presumption or inference from the facts is repelled, the company is liable in law, whether or not the fact of placing a passenger in such circumstances of apparent peril as would alarm a person of ordinary prudence under like conditions, and would cause such a person to try to escape from the threatened danger, whereby he is injured, is itself negligence on the part of a common carrier of passengers. Townley v. Railway, 69 N. Y., 158; 25 Am. Rep.,162; Beach on Con. Neg., 2 ed., secs. 40, 41; Whitaker's Smith on Neg., 27–32; 1 Shearm. & Redf. on Neg., sec. 89; 2 Wood's Ry. Law, 1105, 1141–1147.

FINLEY, ASSOCIATE JUSTICE.—Plaintiff brought this suit against appellant, alleging, in substance, that she boarded one of defendant's electric cars, on Main street, in the city of Dallas, east of the Houston & Texas Central Railway; that as the electric car approached the crossing on said railroad the passengers discovered an engine approaching on the railroad from the south, and thereupon the motorman in charge of the electric car increased his speed, and that it appeared that a collision between the car and the engine was imminent, and that some man in the car jumped therefrom, shouting, "Jump for your lives;" that the electric car was going at a great speed, and passed over the crossing just in time to escape being struck by the engine; that before jumping she rang the bell for the car to stop, but instead

of stopping it was propelled at a greater rate of speed; and to avoid what she considered an imminent collision she jumped from the car close to the railroad track, and near the engine, and in doing so was thrown violently to the ground, knocked senseless, her ankle dislocated and fractured, and several of her ribs broken, whereby she was greatly injured.

The appellant, with general denial and other defenses, pleaded specially, that if the plaintiff sustained any injuries it was by reason of her own contributory negligence, because the motorman in charge of the electric car on which she was riding at the time had it under control, and was carefully operating it, when a negro man suddenly jumped from the platform of the car, which circumstance excited unnecessarily plaintiff's fears; that there was no danger of collision with the engine whatever; that she jumped from the car at a great distance from the crossing, which was a reckless act upon her part, and for which there was no excuse, as she was not exposed to any peril whatever. The trial resulted in a verdict and judgment for plaintiff in the sum of $4500.

The first assignment of error complains of the charge of the court, in the following paragraph: "You are told that the duty is imposed upon the Dallas Consolidated Traction Railway Company of having prudent and competent employes to manage and operate its cars running on its roads in the city, and for such employes to use reasonable and proper care and prudence in the management, running, and operating its cars, so as to carry with safety those who ride on the same."

It is urged that this charge is erroneous in two respects: first, there was no issue raised by the pleadings and evidence as to the competency of defendant's motorman; second, the charge makes the defendant guarantee the safety of those who ride upon its cars.

This paragraph was the introductory part of the charge, and announced a correct proposition of law as to the duty of the carrier to employ competent servants. It is true that incompetency of the servants was not alleged as the ground upon which a recovery was sought, and did not form a distinct issue in the evidence. Upon inspection of the entire charge, we find that the court did not submit it as an issue to be determined by the jury, and its incidental mention in this paragraph could not have misled the jury as to the real issues in the case. It is always best, however, for a charge to present only the law bearing upon the actual issues to be determined, and to be entirely free from legal abstractions.

The charge may be subject to criticism upon the second ground of objection. It is not clear to us that the trial judge intended to charge a higher degree of care than that imposed by law; but the language is not plain and free from cavil. The law imposes upon the carrier of passengers, and its servants, that high degree of care which cautious, prudent persons, skilled in the particular business, would commonly use under like circumstances. This is the measure of care fixed by

law, and which should be announced in the charge to the jury. The amount of care which is required under this rule in any given case must be determined by the jury from the character of the business, the perils usually incident to it, if any, and the circumstances of the particular occasion, whether, and to what extent, they be suggestive of danger. The amount of care which should be required is that which would be suggested to cautious, prudent persons, skilled in the particular business, by the facts and circumstances surrounding the particular occasion. Railway v. Halloren, 53 Texas, 46; 64 Texas, 463; 79 Texas, 87; 67 Texas, 479; 66 Texas, 266; 49 Texas, 581.

It is also urged that the court erred in charging the jury as follows: "If you believe that the plaintiff jumped from the street car as alleged, and from the evidence you find that at the time the motorman in charge of said car had the same under proper control and management, and that it was being properly run at a rate of speed not over six miles per hour; and you further find, that at the time plaintiff jumped there was no imminent and threatened danger of collision with the locomotive engine on the Houston & Texas Central Railway; and you further find, that in jumping at the time and place she did the plaintiff did not act as a reasonable and prudent person would have done under the same surrounding circumstances, then no recovery could be had against the defendant, although you may find and believe the plaintiff was injured."

The objection made to this charge is, that it in effect instructs the jury that in order to acquit the defendant of liability, they must not only find that it discharged the duties imposed by law upon it, but must also find that the plaintiff was guilty of contributory negligence. Under the evidence in this particular case, there is a theory upon which the jury might have determined that the motorman in charge of appellant's car was not guilty of negligence, and that the plaintiff was also free from contributory negligence. The motorman testified, that there was a watchman at the crossing, whose duty it was to give signals of danger when there was danger in making the crossing; that he saw the watchman, and no danger signal was given by him. It was also testified, that the car could be stopped in about fifty-five feet; that the plaintiff jumped off when the car was between ninety and one hundred feet from the crossing; that the car was stopped before crossing the railroad track, and that there was no apparent danger. On the other hand, plaintiff testified, that she did not see the watchman, and to facts which indicated imminent danger to her. From her position, the appearances may have indicated imminent danger sufficiently to have rendered her act in jumping from the moving car such as might be expected from an ordinarily prudent person under such circumstances. Upon the theory of the truthfulness of the other evidence recited, upon which we indicate no opinion, the appearances may not have indicated danger to the motorman, and he may have exercised such care as was prompted by prudence. The company could

only be held liable for negligence, and in such a state of case, there could have been no recovery for the injuries sustained. Special charges were asked by appellant's counsel presenting this view of the case, which were refused by the court. There is nothing in the general charge relieving this presentation of the law, and we are of the opinion that it is reversible error.

There are several other errors assigned relating to matters occurring upon the trial, which need not arise upon another trial, and therefore we deem it unnecessary to consider them.

On account of error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 19, 1894.