WALKER et al. v. METROPOLITAN ST. RY. CO.

(Court of Civil Appeals of Texas. Dallas. Dec. 14, 1912.)

1. APPEAL AND ERROR (§ 253*)—RECORD—QUESTIONS PRESENTED FOR REVIEW.

Where the record fails to show any exception to plaintiff's petition, the question of the propriety of sustaining an exception thereto cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1485, 1488, 1491–1493; Dec. Dig. § 253.*]

2. APPEAL AND ERROR (§ 548*)—BILL OF EXCEPTIONS—NECESSITY.

Where there is no bill of exceptions showing that testimony mentioned in an assignment of error was excluded, the court's action cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. CARRIERS (§ 295*)—PASSENGERS — NEGLIGENCE — VIOLATION OF MUNICIPAL ORDINANCE.

Municipal ordinances fixing the rate of speed at which street cars may be operated are for the benefit of persons lawfully crossing the track and not for passengers, and a violation of such ordinances does not raise an imputation of negligence per se in favor of an injured passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1191–1197, 1199, 1213–1215, 1219, 1220; Dec. Dig. § 295.*]

4. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO PLEADINGS.

A requested instruction, which authorizes a recovery for negligence not counted on in the petition, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

5. APPEAL AND ERROR (§ 750*)—ASSIGNMENT OF ERROR—NECESSITY AND SCOPE.

Where it is contended that plaintiff's request for an improper instruction was sufficient to direct the court's attention to the failure of the general charge to submit the issue desired, and that it should have prepared and given a correct charge on the subject, that complaint must be raised and presented by separate assignment of error, and, if only incidentally presented in the assignment complaining of the refusal of the request, it cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

6. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

Under rule 24 for the Courts of Civil Appeals (142 S. W. xii), providing that the assignment of error must distinctly specify the grounds, and be distinctly set forth in the motion for new trial, objections to an instruction on the degree of care due from defendant carrier to plaintiff cannot be reviewed, where not raised in the motion for new trial; such error not being fundamental.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

7. APPEAL AND ERROR (§ 1064*)—REVERSIBLE ERROR.

In an action against a street railway for injuries suffered by plaintiff, a passenger, an instruction that it was the duty of defendant and its servants, engaged in the operation of a car on which plaintiff was passenger, to exercise that high degree of care that would have been usually exercised by very cautious, competent, and prudent persons under similar circumstances, while erroneous in the use of the word "usually," does not constitute reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

8. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

Where the answer pleaded three issues of contributory negligence on the part of plaintiff passenger, and these issues were substantiated by testimony, separate charges thereon were not on the weight of the evidence because giving undue prominence to the issue of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Minnie Walker and others against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Dwight Lewelling and Wilson, Williamson & Simmons, all of Dallas, for appellants. Baker, Botts, Parker & Garwood, of Houston, and Spence, Knight, Baker & Harris, of Dallas, for appellee.

TALBOT, J. This suit was brought to recover damages alleged to have been sustained on account of personal injuries charged to have been inflicted upon appellant, Mrs. Minnie Walker, through the negligence of appellee in causing her to be thrown from one of its cars. The petition alleges, in substance, that plaintiff, Mrs. Minnie Walker, was a passenger on one of defendant's "North Belt" cars in the city of Dallas, and desired to alight at Haskell avenue; that she signaled the conductor in charge of the car to stop the car at Haskell avenue, but the signal was disregarded; that the next street after passing Haskell avenue was Peak street, into which the street railway tracks entered and turned north, making a sharp curve; that in approaching this curve the car upon which plaintiff was riding was being negligently operated and run at a dangerous rate of speed, to wit, at about 30 miles per hour, and struck the curve at Peak street with great force, by reason of which negligence plaintiff was thrown from the car to the ground and seriously injured. The petition further alleges, as a ground of negligence on the part of defendant, that the rate of speed at which the car was being operated was in violation of a city ordinance of the city of Dallas, making it unlawful to "drive or move a street car" at a greater rate of

speed than 12 miles per hour in that part of the territory of the city where the accident to plaintiff occurred. The defendant answered by general and special demurrers, a general denial, and specially that Mrs. Walker, on the occasion of the accident complained of, was guilty of contributory negligence in the following particulars, namely: "(a) She left her place of safety upon the defendant's car while the same was in motion, and proceeded to the running board thereof; (b) she alighted from one of defendant's cars while the same was in motion, and before it had stopped for passengers to alight therefrom; (c) that in alighting from said car she failed to follow the motion thereof, alighting therefrom in a negligent and careless manner." Defendant further says that, if the accident happened in the manner complained of, plaintiff's wife, Minnie Walker, occupied a seat in the car, and while she was so occupying same she was in a place of safety; that she voluntarily left her seat and place of safety in the car while the car was in motion and while it was approaching a curve in the defendant's track at the intersection of Main and Peak streets; that she then stood upon the floor of the car and stepped down upon the running board thereof; that any jerk or movement of the car around the curve was only such as was necessarily and ordinarily incident to the operation of the car; and that plaintiff's wife assumed the risk of any injury she may have sustained as the result of such operation, having full knowledge of the fact that said car was approaching the curve. A jury trial resulted in a verdict and judgment for the defendant, and the plaintiffs appeal.

The evidence shows that Mrs. Walker was a passenger on defendant's car, as alleged by her, and there is testimony to the effect that the car at the time of the accident was probably moving at a greater rate of speed than 12 miles per hour, and that Mrs. Walker by reason of the movement of the car, as it was making the curve at Peak street, fell or was thrown from it and seriously injured, but that the defendant was not guilty of actionable negligence, and that Mrs. Walker attempted to alight from a moving car, and simply in doing so, or in the manner she attempted to alight, was guilty of negligence, proximately causing her injuries, seems to be very clearly established by a preponderance of the evidence. That the evidence was, at all events, amply sufficient to authorize and sustain the verdict rendered in defendant's favor, is not denied; nor do we think it could be reasonably denied.

[1, 2] The first assignment of error is that "the court erred in sustaining the defendant's exception to that part of the plaintiff's petition wherein plaintiffs show that the defendant company, through its agents, failed and refused to stop said car, although prop- erly signaled to do so, at Haskell avenue, said signal having been given in time for said car to stop," and charging that the defendant's conduct in that behalf was negligent and was one of the causes that precipitated the plaintiff's injury. The court also erred in sustaining the objection of the defendant to the admission of plaintiff's testimony to the effect that she "did signal for said car to stop at said Haskell avenue, and made efforts to have same stopped, but that it did not stop pursuant to her proper request." The record sent to this court does not show that any such exception as that mentioned in the assignment was presented to and acted upon by the trial court; nor does the record show by bill of exception or otherwise that the trial court sustained objections of the defendant to the admission of testimony offered by the plaintiffs to the effect that Mrs. Walker signaled for the car in which she was riding to stop at Haskell avenue. In the absence of a record entry showing that the exception referred to was sustained, the ruling of the court cannot be reviewed. Likewise, without a bill of exception showing that the testimony mentioned in the assignment of error was excluded, the court's action in reference thereto cannot be considered and reviewed by this court.

[3] The third and fourth assignments of error are grouped. The third is as follows: "The court erred in not submitting to the jury in its main charge the issue as to the speed of the car and the law regulating the speed of running street cars within the corporate limits of the city of Dallas, and only submitting to them the common-law duties imposed upon the defendant, the ordinances and state law regulating the speed of cars and fixing the speed limits ought to have been submitted to the jury in the main charge, and the court erred in failing so to do." The fourth is: "The court erred in refusing the special charge requested on behalf of the plaintiff charging the jury as touching the effect of the law as written in articles 487 and 486, the same being valid ordinances of the city of Dallas. If the said special charge was erroneous in itself, it was sufficient to direct the court's attention to the law upon the issues of fact that the plaintiffs desired submitted to the jury, and the court erred in failing to give a correct charge in that particular."

It would seem that under the decisions in this state the ordinance in question has no application to the facts of this case. In Railway Co. v. Highnote, 99 Tex. 23, 86 S. W. 923, the object and scope of a city ordinance forbidding the running of railway trains or cars within the limits of the city at a speed in excess of six miles per hour was under discussion, and the Supreme Court said: "The purpose of the ordinance was to protect persons who might be lawfully upon or cross-

ing the track, but it has no reference to passengers upon moving trains who might wish to get off while in motion. Therefore there was no duty on the part of the defendant railway company to the plaintiff to run its train at a speed less than six miles per hour, and negligence in the violation of that ordinance cannot be imputed in favor of the plaintiff to give him a right of action for the injury received in leaving the train in that instance." Following that decision, this court held, in the case of Railway Co. v. Schuttee, 91 S. W. 806, that such an ordinance had no application to one attempting to board a moving train at a station.

[4] Again, the special charge refused was incorrect in an important particular. It not only instructed the jury that if the defendant's car, upon the occasion of the accident, was operated at a greater rate of speed than 12 miles per hour, etc., they should find for the plaintiff, but the jury were further told that the defendant would be responsible in law *for any act of negligence* in the operation of its car on said occasion, regardless of the rate of speed at which said car was going, etc. The charge therefore did not limit the liability of the defendant to acts of negligence charged in the plaintiff's petition, but permitted the jury to hold the defendant responsible and liable in damages for the injuries received by Mrs. Walker, if they believed such injuries were the result of any character of carelessness or negligence on the part of operatives of the car, whether such negligence was alleged as a basis of recovery or not.

[5] But appellant insists, as shown by the fourth assignment of error, copied above, that, if the special charge was erroneous, it was sufficient to direct the court's attention to the failure of the general charge to submit the issue desired, and the court should have prepared and given a correct charge on the subject. The answer to this contention is that, if the appellants desired this complaint considered on appeal, they should have raised and presented it by an assignment of error, asserting that the court should, in view of the requested charge, have given another and proper charge. Equitable Life Assur. Soc. v. Maverick, 78 S. W. 560; El Paso Elec. Ry. Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 735; Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S. W. 362; Bank v. Moor, 34 Tex. Civ. App. 476, 79 S. W. 53.

[6] In the first paragraph of the court's charge the jury was instructed as follows: "It was the duty of the defendant, its servants and employés engaged in the operation of the car upon which the plaintiff was a passenger, upon the occasion referred to in the plaintiff's petition, to exercise that high degree of care for her safety that would have been usually exercised by very cautious, competent, and prudent persons under the same or similar circumstances, and the failure, if any, to exercise such care, is negligence on the part of defendant." The use of the word "usually" in this charge is objected to, and the objection urged in appellant's fifth assignment of error. The appellee objects to a consideration of the assignment, because no complaint was made by appellants, in their amended motion for a new trial filed in the district court, of the correctness of the charge in defining the degree of care owed by defendant to Mrs. Walker. This objection is well taken and will be sustained. Rule 24 (142 S. W. xii), as recently amended by the Supreme Court, relating to assignments of error for the government of the Courts of Civil Appeals of this state, is as follows: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23." Under this rule, as we construe it, a ground of error not "distinctly set forth in the motion for a new trial" filed in the lower court should not be considered on appeal, unless such error is fundamental. Such is not the character of the supposed error complained of. Appellants' amended motion for a new trial was filed in the court below about two months after amended rule 24, above quoted, became effective, and in it appellants seem to have understood and appreciated its demands. They complain in said motion at considerable length and with much particularity of numerous alleged errors committed by the trial court, but nowhere complained that the court's charge upon the degree of care which the appellee owed Mrs. Walker was incorrect.

[7] If, however, the matter was properly presented to this court for review, we are not prepared to say there was error in the charge. Railway Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Railway Co. v. Harrison, 32 Tex. Civ. App. 368, 73 S. W. 38; Dallas Consolidated Traction Co. v. Randolph, 8 Tex. Civ. App. 213, 27 S. W. 925; Railway Co. v. Davidson, 3 Tex. Civ. App. 542, 21 S. W. 68; Railway Co. v. Morrow, 93 S. W. 162. It probably would have been more in conformity to the charge usually given upon the subject had the word "usually" been omitted; but its use does not, in any event, constitute reversible or material error.

[8] The remaining assignments of error complained, respectively, of the giving of appellee's special charges Nos. 1, 2, and 3. Charge No. 1 instructed the jury, in effect, "that if they believed that the plaintiff, Mrs.

Walker, left her seat in the car, and that the same was a place of safety, and that she voluntarily proceeded to the edge of the car or to the running board thereof, and while there she was thrown from the car, and that an ordinarily prudent person would not have done so, and that such acts contributed to her injury, then she was guilty of negligence and could not recover." By charge No. 2, they were told, in substance, that if they believed Mrs. Walker alighted from defendant's car while the same was in motion, and that an ordinarily prudent person would not have so acted under the same circumstances, that such act proximately contributed to her injuries, and that in the event they so believed to find for defendant. Charge No. 3 is to the effect that if the jury believed that Mrs. Walker alighted from defendant's car while the same was in motion, and should further find that in alighting from said car she failed to follow the motion thereof, but alighted therefrom without facing the direction in which the car was moving and without following the motion thereof, and should further find that an ordinarily prudent person would not so have acted under the same circumstances, and that such conduct upon her part contributed to the accident complained of herein, then Mrs. Walker was guilty of contributory negligence which would preclude a recovery.

The only proposition advanced under these assignments is to the effect that the giving of the three special charges had the purpose and effect of giving undue prominence to the issue of contributory negligence, and therefore on the weight of the evidence. Confining ourselves to the objection urged by the proposition propounded, we hold there was no error in giving the charges. Three separate and distinct issues of contributory negligence on the part of Mrs. Walker were tendered by defendant's answer, and the evidence offered in support thereof was amply sufficient to establish each and all of them. These were the issues submitted in the charges complained of, and it occurs to us that the court would have erred had it refused to give either of said charges. The separate issues of contributory negligence having been raised by the pleadings and the evidence, it became the duty of the court, especially in view of the request therefor, to charge the jury the law arising upon the facts with reference to each of such issues. The charges were not, therefore, objectionable for the reason urged.

A careful review of the record has convinced us that the proper verdict has been rendered in this case, that appellants' assignments of error disclose no reversible error, and that the judgment of the district court should be affirmed. It is, therefore, accordingly, so ordered.