### LANIER v. LOONEY. (No. 10159.)

Court of Civil Appeals of Texas. Dallas.
Jan. 7, 1928.

Rehearing Denied Feb. 11, 1928.

**1. Venue** ☞5(3)—**Suit to enforce oral agreement for joint interest in mineral lease held not for "recovery of land" within meaning of venue law (Rev. St. 1925, art. 1995, § 14).**

Suit to enforce oral agreement to become jointly interested in mineral leases *held* not to constitute a suit for the recovery of land within meaning of Rev. St. 1925, art. 1995, § 14, requiring such suits to be brought in county in which land is situated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action for the Recovery of Real Estate.]

**2. Abatement and revival** ☞3—**Suits for recovery of land, brought in county other than situs of land, held not subject to plea in abatement (Rev. St. 1925, art. 1995, § 14).**

Suits for recovery of land within meaning of Rev. St. 1925, art. 1995, § 14, requiring such suits to be brought in county where land was situated, are not subject to plea in abatement since such section does not limit jurisdiction of courts, but merely furnishes a venue privilege of which a party may avail himself.

**3. Abatement and revival** ☞3—**Remedy of party complaining of error in reference to venue is not by abatement, but removal to proper venue.**

Where venue of a suit has been improperly laid, remedy of party complaining of error in reference to venue is not by abatement of suit, but by seeking removal to court having proper venue.

**4. Frauds, statute of** ☞56(6)—**Oral agreement to become interested in mineral leases providing for taking of title in name of one party held not obnoxious to statute.**

Oral agreement to become interested in mineral leases, and providing for one party to take deed in his own name, *held* not obnoxious to statute of fraud, since, as between person taking deed and other party to transaction, interest is held in trust for party unnamed in deed, and such agreement is not an oral transfer of title to land.

**5. Mines and minerals** ☞101—**Receipt for money advanced pursuant to agreement to acquire mineral leases limiting right to particular territory did not modify original contract.**

Where, pursuant to oral agreement to become interested in mineral leases, one of par-

ties advanced money in accordance with such agreement, and receipt was thereafter executed modifying agreement to effect that right was limited to certain district, such receipt will not be held to have effected a modification of original agreement, since consent is not to be implied.

**6. Trial ⟺260(1)—Requested instructions, covered in main charge, held properly refused.**

Requested instructions, covered by main charge of court, in so far as they were pertinent to issues, *held* properly refused.

**7. Trial ⟺244(2)—Charges referring to evidentiary matters held properly refused.**

Requested charges referring to mere evidentiary matters *held* to have been properly refused.

**8. Appeal and error ⟺1011(1)—Trial court's judgment on conflicting evidence will not be disturbed.**

Judgment of trial court on conflicting evidence will not be disturbed on appeal.

**9. Receivers ⟺16—Trial court properly appointed receiver in suit to recover share of profits under agreement for joint interest in mineral leases.**

In suit to recover share of profits under alleged oral agreement to become interest in mineral leases, trial court *held* to have properly appointed receiver therein.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by R. H. Looney against C. C. Lanier and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Chas. L. Harty, of Dallas, J. M. Melson, of Sulphur Springs, and Adams & Jones, of Gainesville, for appellant.

R. L. Sullivan, John W. Pope, and J. L. Zumwalt, all of Dallas, for appellee.

JONES, C. J. Appellant, C. C. Lanier, a resident of Dallas county, Tex., has duly perfected an appeal from an adverse judgment of a district court of Dallas county. R. H. Looney, a resident of Ellis county, is the appellee in whose favor the judgment was rendered.

The cause below was tried to a jury and submitted on special issues. From the verdict of the jury on these issues, and from the finding of the court on issues not submitted or requested to be submitted by either party, we find the material facts developed at the trial to be as follows:

Appellant had been for a number of years in the employ of various oil companies, and as such employee is experienced in locating oil fields. He severed his connection with his employer, and concluded to attempt oil discoveries on his own account. After a careful examination of a section of land located in the northwestern portion of Cook county, Tex., he concluded that these lands warranted incurring the expense of exploring for oil. However, he did not have the means necessary to defray the expense incident to securing the leases from the various owners of land in such territory. R. Q. Johnson, a resident of Dallas county, and a defendant in the suit below, was a friend and acquaintance of appellant, and also a friend and acquaintance of appellee. Through Johnson's efforts, the three parties came together, and an oral agreement was entered into under which appellee was to furnish to appellant $500 when called upon, Johnson claiming that he had already furnished a similar amount, and appellant agreed that, in consideration of the advancement by appellee of the $500, he was to have a one-fourth interest in all the leases appellant secured in Cook county, Johnson a one-fourth interest, and appellant a one-half interest. All leases were to be taken in name of appellant. This agreement was entered into December 22, 1924. In the early days of January, 1925, appellee was called upon by Johnson for the $500, and through Johnson this money was delivered to appellant.

Under the agreement, appellee was to be repaid the money advanced, and a note in said amount was duly executed to appellee by appellant and Johnson as a guarantee that the money would be returned.

The money was accepted by appellant, and 46 separate leases on land in Cook county were secured. Appellee's money was used for the purpose of paying the expenses of appellant in the way of auto hire, notary fees, and hotel bills necessary to secure the leases. The leases were actually secured from the owners of the land without any other expense.

When appellant received from Johnson the $500 furnished by appellee, he delivered to Johnson the following receipt:

"Dallas, Texas, January 12, 1925.

"Received of Dr. R. H. Looney, of Waxahachie, Texas, the sum of five hundred dollars ($500.00), same secured by note dated January 5th, 1925, and payable six (6) months from date and signed by C. C. Lanier and R. Q. Johnson, of Dallas, Texas.

"For the above consideration, C. C. Lanier, the signer of this receipt, agrees to use his best efforts to secure a drilling block of acres located in Cook county, Texas, between the town of Marysville and Valley creek.

"If said block of acres is secured, then one-fourth interest in said block is to be assigned to Dr. R. H. Looney by C. C. Lanier.

"[Signed]   C. C. Lanier.

"Witness: R. Q. Johnson."

This receipt was held by Johnson for several weeks, and, at the repeated request of appellee, was finally delivered to him. At the time he received it, and until about the time of the trial below, appellee did not

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

know that the land embraced in the descriptive phrase in said receipt "between the town of Marysville and Valley creek" did not contain all the land in Cook county over which appellant extended his activities. The agreement entered into between the parties on December 22, 1924, did not contain any such limitation, but embraced all leases that might be secured by appellant in Cook county, and on this agreement appellee furnished the said money and has always relied.

After the agreement, appellant immediately began the work of securing leases in Cook county, and did not confine his activities in this respect to either side of Valley creek, with the result that he secured leases on the opposite side of Valley creek from the town of Marysville, and though he in good faith attempted to do so, was unable to secure leases between Valley creek and Marysville, and none of the leases in controversy lie on such side of Valley creek.

The jury specifically found that the agreement embraced all leases to be secured by appellant in Cook county, and specifically found that the receipt of January 12, 1925, attempting to restrict the agreement with appellee to leases between Valley creek and the town of Marysville, did not reflect the agreement of the parties. The jury also specifically found that the above-quoted phrase in the receipt was not used by appellant "for the purpose and intent to deprive the plaintiff (appellee) of his interest in the leases acquired by the defendant Lanier in Cook County, Texas." The jury also made a finding that the terms of the agreement which was made between appellant and appellee were not correctly stated by this receipt. These findings are all supported by evidence, and are adopted as the findings of this court.

Some of the leases secured by appellant were assigned by him for a consideration to other parties. One such assignment was to the Kewanee Oil & Gas Company for a consideration of $89,500. $26,784.69 of this consideration was paid to appellant in cash; the remainder of the consideration, except the sum of $1,938.50, appears to have been consumed in the payment of debts on, and the discharge of liens against, the property so leased. The latter named sum was owing to appellant at the time of the trial. Drilling contracts have been let, and wells drilled under them for a portion of said leases, and the amount of acreage that represented the consideration for these drilling contracts has also been assigned by appellant. Under the terms of the oral contract, appellant had the right to make such disposition of the leases, and all these assignments are valid assignments, and binding against appellee.

The trial court found as a fact that, because of the differences existing between appellant and appellee, and that in order that the rights of both might be protected, a receiver should be appointed, and appointed W. L. Provine such receiver, with rather extended powers in reference to the management of the property. It also appears that appellant had denied and repudiated the contract of December 22, 1924; denied that appellee had any rights in the property; and refused to make any statement to him of the expenses and income or extent of the leaseholdings. The receiver duly qualified, but appellant having given a supersedeas bond for $25,000, an amount fixed by the court, no power was exercised by the receiver over the property, and appellant has remained in possession of same pending this appeal. Under the judgment of the court, the receiver was required to recognize as valid and binding the drilling contract above referred to.

The judgment rendered decreed a one-fourth interest in and to the 46 leases acquired by appellant in Cook county lands to appellee, and gave judgment against appellant for the sum of $6,696.17, being one-fourth of the $26,784.69 paid to appellant in cash by the Kewanee Oil & Gas Company as a part of the $89,500 consideration for the transfer of the lease above mentioned, and also gave judgment in favor of appellee for one-fourth of the $1,928.50 still owing to appellant. Judgment was given against defendant R. Q. Johnson as to appellee's one-fourth interest in the leases. Appellee's pleading was sufficient to raise all the issues decided by the judgment in his favor.

Appellant defended on the grounds: (1) That, under section 14 of article 1995 of the Revised Statutes, sole and exclusive venue of the suit is in Cook county, where the lands embraced in the leases are located, and presented a plea in abatement to the suit in Dallas county. The same question was also raised by exception to appellee's petition, but no plea in the nature of a plea of privilege, praying for a transfer of the suit to Cook county, was filed. On the merits of the case, appellant contended by proper defensive pleading that recovery could not be had on the oral agreement alleged by appellee, because of the statute of fraud; (2) that appellee could only base a recovery on the written memorandum of January 12, 1925, which specifically restricted his interest to any land that might be leased by appellant to the territory between Valley creek and the town of Marysville, and that, as none of the leases secured by appellee in Cook county were in such territory, no recovery could be had; (3) a denial that any such agreement as plead by appellee was entered into, but that the only agreement entered into on the 22d day of December, 1924, was the agreement stated in the receipt of January 12, 1925, and that appellee could not recover for leases on land not within the territory named therein; (4) that the contract itself only amounted to a loan to appellant, which appellant had re-

paid, or had duly tendered repayment, in full. A reversal of the case is sought by errors duly assigned on each of these theories.

It is also contended that the judgment, in reference to the leases, is so defective in description as to render it wholly void, in that the only description of any lease given in the judgment is, the names of the grantor and grantee, the date of the lease, the number of acres, and the survey in which the acreage is located. Contention is also made by proper assignment of error that the undisputed evidence showed that, at the time of the trial, there had been no profits made by appellant, and that the judgment awarding appellee the sums of money decreed to him is not supported by evidence. It is also urged by proper assignment that no grounds existed for the appointment of a receiver, and that the action of the court in appointing a receiver cannot be sustained.

Did the court err in overruling the plea of abatement and the special exception to the jurisdiction of the district court of Dallas county? Appellant's contention on this issue is based on section 14 of article 1995, Revised Statutes 1925. This section is one of the exceptions to the general venue statute, is mandatory in its terms, and declares that:

"Suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

[1-3] Appellant's theory of the case apparently is that a suit to enforce an oral agreement entered into between parties to become jointly interested in the mineral rights to land, subsequently acquired by leases taken in the name of one of the parties, and in which the other party has fully performed his part of the agreement, is a suit for the recovery of land, and that, under the mandatory provisions of the statute above quoted, no district court of the state has jurisdiction to try such suit, except the court in the county in which the land is situated. We cannot agree to this contention, either that such a suit is one to recover land, or that, because of the mandatory provision of section 14 of the venue statute, every district court other than the one in the county in which the land is situated is denied jurisdiction to try same. In the instant case, the agreement is that the lease be taken in the name of appellant, and the judgment sought and obtained is not one to change this record title, except in so far as a judgment declaring appellee's interest in the leases and that appellant holds such interest in trust for appellee be notice of that fact. Vandever v. Freeman, 20 Tex. 334, 70 Am. Dec. 391; Leakey v. Gunter, 25 Tex. 400; Lehmberg v. Biberstein, 51 Tex. 462; Holland v. Farth-ing, 2 Tex. Civ. App. 155, 21 S. W. 68. If appellant's contention as to the character of this suit be conceded, the suit nevertheless would not be subject to the plea in abatement, but would be subject to a proper plea seeking to change the venue of the suit to the district court of Cook county. Section 14 of article 1995, supra, is a statute fixing venue of suits of the character described therein, and is not a statute limiting the jurisdiction of courts. In other words, the statute in question does not affect the jurisdiction of other district courts of the state in the suits described therein, but merely furnishes a venue privilege of which a party may avail himself. Commonwealth Bonding & Casualty Ins. Co. v. Bowles (Tex. Civ. App.) 192 S. W. 611; Wolfe v. Willingham, 43 Tex. Civ. App. 167, 94 S. W. 363. It is now the settled law of this state that, where venue of a suit has been improperly laid, the remedy of the party complaining of the error in reference to venue is not by abatement of the suit, but is to seek its removal to the court having the proper venue. All assignments of error on this issue are overruled.

[4] Was the oral agreement of December 22, 1924, obnoxious to the statute of frauds? We do not think so. Parties contemplating the joint purchase or lease of land may orally agree to such an undertaking in advance of such purchases and leases, and may orally agree, for a valuable consideration passing from the one to the other, that the deeds or leases acquired shall be taken in the name of one of them, but that the interest of each in the land shall be in a named proportion. The party in whose name the deed is taken, as between himself and the other party to such transaction, holds the interest in trust for the party unnamed in the deed. Such an agreement is not an oral transfer of the title to the land, for the party in whose name the title stands took such title, not only for himself, to the extent of his agreed interest, but also as trustee for the other party to the extent of his agreed interest. So in the instant case, when the parties to this suit agreed to the joint undertaking of the purchase of mineral leases in lands in Cook county, and in which appellant was to have a one-half interest and appellee a one-fourth interest, in consideration of appellee delivering to appellant the sum of $500 to be used in defraying the expenses incident to acquiring the leases, and appellant subsequently acquired the leases in controversy, using therefor the money paid to him by appellee, appellant took such leases for himself, in so far as a one-half interest in the leases is concerned, and as trustee for appellee in so far as his one-fourth interest is concerned, and held such leases as between himself and appellee in such joint capacity. The suit, therefore, is one simply to compel appellant to recog-

nize the rights of appellee that were fixed by agreement before the leases were taken. Johnson did not pay his $500, and disclaimed any interest in the leases.

[5] Was the receipt of January 12, 1925, restricting appellee's right in leases to those acquired on land between Valley creek and the town of Marysville, binding on appellee? Under the finding of the jury, the agreement theretofore entered into did not comprehend any such restriction. The agreement, as found by the jury, was that appellee, by reason of his furnishing $500, should have a one-fourth interest in all leases obtained in Cook county. This receipt attempted to modify this agreement to the extent of making a new contract between the parties. If appellee, with full knowledge of the fact that this was a modification of the agreement, received such receipt, and acquiesced in the change, then he would be conclusively bound by such modification; the law implying an agreement on his part to such change. There is no evidence, though, that he had any knowledge that appellant was securing, or attempting to secure, leases in other territory than that named in the receipt. At the time it was written, appellee had performed his part of the agreement, and at this time appellant had no power to change the agreement without the consent of appellee. We do not believe that this consent can be implied, because of the want of knowledge on the part of appellee that the change was attempted, and we overrule all assignments of error in reference to this issue.

It was not error for the court to refuse appellant's requested peremptory instructions. Every issue submitted by the court was raised, both by the pleading and by substantial evidence, and this assignment of error is overruled.

[6, 7] Error is assigned on the refusal of a number of requested issues. We have carefully examined these, and do not believe that the refusal of any requested issue presents reversible error. The jury were required to find, under properly framed issues: (1) Whether the alleged oral agreement of December 22, 1924, was entered into, and whether it comprehended mineral leases in Cook county; (2) whether the receipt of January 12, 1925, properly stated the contract between the parties; (3) whether the $500 delivered to appellant by appellee was intended by the parties to be a loan; and (4) whether, on the occasion of the entering into of the agreement of December 22, 1924, appellant made any statement or representation to appellee to the effect that the leases they were discussing at that time were the leases covering the land lying west of Valley creek. The requested instructions, in so far as they were pertinent to the issues made by the

pleading and evidence, are covered by the main charge of the court. Others requested and refused refer to mere evidentiary matters. All assignments of error in reference to this issue are overruled.

[8] Complaint is made that the money judgment of $6,696.17 and the judgment for a one-fourth interest in the sum of $1,938.50, owing by the Kewanee Oil & Gas Company, is contrary to the undisputed evidence. To this we cannot agree. It is true that appellant's testimony discloses that there was either no profit made by the sale of leases or a very small one, but there are facts and circumstances from which the trial court could have concluded that the cash paid on the deal with the Kewanee Company was profit, and we are not authorized to disturb the judgment of the trial court in reference thereto. It is true the issue in reference to profits was not submitted to the jury, but it is also true, that there was no requested submission of such an issue, and, as the case was submitted on special issues, it became the duty of the court to make a finding in reference to this issue. All assignments of error in this respect are overruled.

[9] We are of the opinion that the judgment of the trial court, as to the necessity of a receiver, is sustained by the facts of this case, and the assignments of error in reference to the appointment of a receiver are overruled.

Finding no reversible error, it is the opinion of this court that this case should be affirmed.

Affirmed.