GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
J. F. PARVIN.

Decided October 23, 1901.

1.—Negligence—Charge of Court—Weight of Evidence—Defective Appliances.

Where plaintiff sought to recover damages for personal injury caused by the breaking of the side rod of an engine, a charge to the jury that if they believed from the evidence that the side rod was old, defective, and unfit for service, and further believed from the evidence that it was negligence in defendant to allow the rod to be in such condition, etc., to find for plaintiff, was not on the weight of evidence.

2.—Same—Charge Eliminating Issues.

Where the petition alleged other forms of negligence than the condition of the side rod which broke, as that the train was too heavy and was run too rapidly, a charge eliminating all the issues except that of negligence as to the condition of the rod "as alleged in plaintiff's petition," did not by such reference to the petition tend to mislead the jury as to the issue submitted.

3.—Same—Charge—Defective Appliances.

There being evidence that the side rods of engines undergo crystallization, which, as explained by witnesses, consisted in losing their temper and fiber and becoming brittle, this was sufficient to warrant a charge submitting the issue as to whether the "metal" of the rod was weak and defective.

4.—Damages—Verdict—Evidence—Former Personal Injuries.

Where the evidence showed that plaintiff had been seriously injured, but also that at the time of the accident here involved he had entirely recovered from such injuries, the court can not say on appeal, on an assignment alleging excessive damages, that the jury did not find that defendant had recovered from the former injuries and on that basis estimate the damages.

Appeal from Bexar. Tried below before Hon. S. J. Brooks.

*Newton & Ward,* for appellant.

*George Powell, Perry J. Lewis,* and *H. C. Carter,* for appellee.

JAMES, CHIEF JUSTICE.—This is a judgment for $15,000 in favor of appellee, a fireman, for injury to him by reason of the breaking of a side rod of the engine upon which he was working.

The first assignment complains of this portion of the main charge for certain reasons, to wit: "The court erred in that portion of the main charge to the jury as follows: 'If you believe from the evidence that on or about March 3, 1900, that plaintiff was in the employ of defendant as a fireman on one of its engines, and that while so employed the side rod of said engine broke and injured plaintiff, as alleged in his petition, and if you further believe from the evidence that the side rod was old, defective and unfit for service, as alleged in plaintiff's petition, and that the metal of the side rod was weak and defective, and if you further believe from the evidence that it was negligence on the part of defendant to allow said side rod to be in such condition, as you find it was, and that such negligence, if any, was the direct and proximate cause of said side rod breaking, and the plaintiff's injuries, if any, and if you

believe from the evidence that the plaintiff did not assume the risk, then you will find for the plaintiff,' in this: (1) That such charge was couched in such vague, indefinite and uncertain language that the same was misleading to the jury. (2) That there was absolutely no evidence in the case that the side rod was weak and defective, and said charge submitted issues to the jury that were in no manner supported by the evidence. (3) That said charge was a comment upon the weight of the evidence, and assumed that the side rod was old, defective, and unfit for service, and that the metal of said side rod was weak and defective."

The third of the above objections has been often decided not well taken. Railway v. Lehmberg, 75 Texas, 66; Railway v. Waldo, 32 S. W. Rep., 783; Railway v. Lynch, 22 Texas Civ. App., 336.

That the paragraph was misleading is not tenable. It is true the petition charged other forms of negligence than the condition of the rod,—such as that the rod was improperly geared up or fixed to the engine; that the train was too heavy for the work this engine was attempting to do, and that the train was being run too rapidly,—all of which tended to cause the breaking of the rod. The charge given, however, eliminated all the issues except negligence in respect to the condition of the rod. The rule that it is the duty of the court to evolve from the pleadings the true issues in the case on trial seems, therefore, to have been kept in view by the court. We think the charge, when its terms are considered, does not, by its references to the allegations of the petition, tend to mislead the jury in respect to the issue submitted. There was abundant testimony that the rod was weak and defective; but appellant especially makes a point of the expression of the charge, "and that the metal of the side rod was weak and defective," and appellant contends there was no proof that the metal was defective. There was ample testimony to the effect that such rods, from age and use, undergo crystallization, which, as explained by witnesses, consisted in losing its temper, losing its fiber, becoming brittle, liable to break instead of bending, etc. That such a defect has reference to the substance composing the rod is too plain for discussion.

The second assignment, when taken as a proposition, as the brief submits it, seems to present more than one subject matter. The distinct propositions are, (1) that the charge on the measure of damages is vague, indefinite, uncertain, and misleading, and does not announce the correct rule of law as to the measure of damages; and (2) that it authorized the jury to award a double compensation to plaintiff for his injuries. However, the charge states a correct rule for the measure of damages in such cases, and it is neither ambiguous nor misleading, and does not in itself contemplate double damages. It may be that it might have been more specific in view of certain testimony, but we have no occasion to investigate this record upon this question, because such matter is not briefed or mentioned in connection with this assignment.

The fourth and sixth assignments contend that the verdict should have

been set aside because the jury allowed plaintiff damages for injuries that had been received by him in other accidents, and that the verdict is excessive also for that reason. The testimony showed that plaintiff had been previously injured, but it also showed that at the time of this accident he had entirely recovered from such injuries. In this state of the evidence we can not say that the jury did not so find, and on that basis estimate the damages. If such was the fact, the verdict is not excessive.

As to the fifth assignment, it does not appear from the undisputed evidence that defendant had exercised proper diligence in respect to the rod.

The sixth assignment is that the evidence clearly shows that plaintiff was neither seriously nor permanently injured, but that he was feigning paralysis, and falsely pretending and swearing that he was paralyzed and otherwise permanently and seriously injured. The evidence is such on the subject that it warrants the conclusion that the jury must have formed.

*Affirmed.*

Writ of error refused.

### MOTION FOR REHEARING.

The third assignment is clearly not well taken. The requested charge outside of the statement of defendant's pleading was given in terms in the court's charge. The other grounds of the motion are deemed not well taken, and the motion is overruled.

*Overruled.*