St. Louis Southwestern Railway Company v.
J. W. Harrison.

Decided May 2, 1903.

**1.—Negligence—Definition—Carrier of Passengers—Degree of Care.**

Negligence, when applied to carriers of passengers, means a failure, in the performance of duty imposed by law for the protection of others, to exercise that high degree of care in acting and refraining from acting which very competent and prudent persons would usually exercise under the same or similar circumstances.

**2.—Same—Charge Not on Weight of Evidence.**

A charge instructing that if the carrier failed to use the requisite high degree of care as to stopping its train long enough for the passenger to alight, this would be negligence for which it would be liable if it was the proximate cause of the injury and plaintiff was not guilty of contributory negligence, was not erroneous as being on the weight of evidence in that it informed the jury that a failure to use the requisite high degree of care under the circumstances stated was negligence as a matter of law.

**3.—Same—Belief—Degree of Care.**

A charge was erroneous which made the question of the carrier's negligence depend on the belief of its conductor that the passenger had alighted from the

train at the time he put it in motion, and his use of ordinary care under the circumstances.

**4.—Same—Charge Referring to Petition.**

In an action for personal injuries a charge referring the jury to the petition to ascertain the acts of negligence alleged was not error where no request was made for instructions more specific in this respect.

Appeal from the District Court of Henderson. Tried below before Hon. John Young Gooch.

*E. B. Perkins* and *Frost, Neblett & Blanding,* for appellant.

*Richardson & Watkins,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted by J. W. Harrison against appellant to recover damages for personal injuries sustained by his wife, J. V. Harrison, while a passenger on one of appellant's trains going from Tyler to Brownsboro, Texas, in attempting to alight from said train. A trial resulted in a verdict and judgment for plaintiff, and defendant has appealed.

*Conclusions of Fact.*—In the month of February, 1901, J. V. Harrison, wife of appellee, purchased a ticket at Tyler, Texas, for passage over appellant's road to Brownsboro, Texas. She boarded the train and took a seat in the back end of the rear coach. When the train reached Brownsboro, and as soon as it stopped, Mrs. Harrison started, with her 5-months-old baby in her arms, to get off the car at the rear end thereof. While attempting to alight, and just as she had reached the bottom step of the car, the train started up and, while it was in motion, Mrs. Harrison jumped from the car. She testified that when the train started she saw she was going to fall, and this was the reason she jumped. She fell and was injured. The train did not stop at Brownsboro a reasonable length of time to permit passengers to disembark therefrom in safety, and in this respect the servants and agents of appellant operating the train were negligent. They were also negligent in putting the train in motion before parties desiring to leave same had time to do so.

In deference to the verdict, we find that Mrs. Harrison was not guilty of negligence in attempting to alight from the train while it was in motion, and that she sustained injuries whereby appellee has been damaged in the amount found by the jury.

Appellant complains of the following clause of the court's charge: "Negligence, when applied to carriers of passengers, means a failure in the performance of duty, imposed by law for the protection of others, to exercise that high degree of care, in acting and refraining from acting, which very competent and prudent persons would usually exercise under the same or similar circumstances." The contention is without merit. The charge correctly defines the duty owed by the carrier to a passenger and the degree of care imposed by law upon the carrier in the performance of such duty.

32 Civil—24.

In a subsequent clause of the charge the court instructed the jury as follows: "It was the duty of the defendant_ company to stop its train at Brownsboro station, on the occasion in question, a reasonably sufficient length of time to enable plaintiff's wife to alight therefrom in safety, and a failure on the part of defendant's employes in charge of its train to use that high degree of care to discharge such duty which very prudent and competent persons would usually have exercised under the circumstances, would be negligence of the defendant company for which it would be liable to the plaintiff for any injuries to his wife as the evidence may show was the approximate and direct result of such negligence, provided that plaintiff's wife was at such time not herself guilty of contributory negligence." This charge is also complained of as being erroneous, in that it informs the jury, as a matter of law, that the failure to use that high degree of care to stop the train a reasonably sufficient length of time to enable plaintiff's wife to alight in safety was negligence. The charge is not subject to the criticism made. It correctly defines the appellant's duty, and states the circumstances under which the carrier would be liable, and leaves it for the jury to determine whether the circumstances existed. The appellant's duty to Mrs. Harrison did not terminate until she had alighted from the train. Railway v. Miller, 79 Texas, 79.

Complaint is made of the action of the court in refusing the following special charge requested by appellant: "If you believe from the evidence that the conductor in control of the train gave the signal to put the train in motion under the belief that the wife of plaintiff had departed from the train, and you further believe from the evidence in so doing, if he did so, he acted as a reasonably prudent person would have acted under the same circumstances, then you will find for the defendant." This charge made the question of negligence on the part of the railway company depend on the belief of the conductor, and in this respect it does not announce a correct proposition. It was also erroneous in requiring of the conductor only ordinary care, which is not the care owed by a carrier to its passengers. The court's charge fairly submitted the issues involved, and there was no error in refusing the special charge.

Under appellant's fifth and sixth specifications of error, which are grouped, it is contended that the charge of the court is erroneous because it refers the jury to the petition to ascertain the acts of negligence charged. The charge did not state the various acts of negligence set up by plaintiff, but referred the jury to the acts of negligence charged in plaintiff's petition, and authorized a recovery if they found such negligence to exist. The charge was not erroneous in this respect. If the appellant desired a more specific charge as to the acts of negligence, he should have asked a charge covering this omission.

It is insisted that the verdict of the jury is excessive, and that for this reason the court should have granted appellant's motion for a new trial based upon that ground. The verdict is for $412.50, and while it

is large, yet there is evidence which, in our opinion, justified the jury in their finding, and in deference to their verdict we conclude that the contention is without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.