FREEMAN v. COURTNEY.†

(Court of Civil Appeals of Texas. Jan. 18, 1911. Rehearing Denied Feb. 15, 1911.)

DAMAGES (§ 210*)—PERSONAL INJURIES—INSTRUCTIONS.

An instruction in an action for negligent injuries that, if the jury "find for plaintiff and believe from the evidence that he sustained any of the injuries alleged in his petition, then you will award him such damages as you believe from the evidence will fairly compensate him for such injuries, if any, as are alleged in his petition, and which you find are sustained by the evidence," is unobjectionable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 537, 538; Dec. Dig. § 210.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by F. G. Courtney against T. J. Freeman, receiver of the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

King & Morris and Hicks & Hicks, for appellant. H. C. Carter and Perry J. Lewis, for appellee.

NEILL, J. This suit was brought by F. G. Courtney against T. J. Freeman in his capacity as receiver of the International & Great Northern Railroad Company to recover $40,000 damages for personal injuries alleged to have been inflicted by the negligence of the defendant while plaintiff was in the latter's service as a brakeman and in the discharge of the duties of his employment.

. The plaintiff's allegations were substantially: That on March 30, 1908, while plaintiff was in the employ of defendant as a brakeman on a train being operated between Laredo and San Antonio, when the train reached a point about six or seven miles from San Antonio, by reason of defendant's negligence, plaintiff was thrown from one of the cars of the train and seriously and permanently injured. That in said train there were stock cars which had trapdoors in the roofs thereof. That it was the duty of defendant to keep such doors securely fixed and fastened so as to avoid injuring his employés, whose duty it was to go over such cars in the discharge of the duty of their employment. That while plaintiff was going over the top of said cars, as was necessary for him to do in discharging his duty, the train gave a sudden lurch which caused him to step from the running board, which runs over the top of the car he was on, upon the trapdoor which was thereby displaced or gave way, and caused him to be thrown from the car a distance of some 20 feet. That defendant had negligently failed to have the trapdoor which constituted a part of the roof of the car and liable to be stepped upon by his employés securely fastened, and also negligently permit-

ted the trapdoor to be insecurely and defectively fastened and in a defective state and in such condition as to give way or become displaced when plaintiff stepped upon it, and that, by reason of its defective condition, plaintiff was thrown from the car. That it was at night and dark, and plaintiff did not know of the defective condition of the trapdoor until it was too late to save himself, and that such negligence of defendant directly caused his injuries without his fault. That by reason of being thrown from the car plaintiff was terribly shocked, bruised, and mangled. That his left leg, hip, side, arm, shoulder, and head were severely skinned and bruised, and a severe injury inflicted to his back and spine. That, by reason of said injuries, plaintiff's hearing has become greatly impaired, the use of his left shoulder impaired, the sensation and use of his left leg impaired, and the functions of his kidneys and bladder have become impaired by reason of injuries to such an extent as to cause him great pain and to necessitate frequent and painful urinations. That he suffers great pain throughout his entire body, limbs, and head, and that said injuries and the severe shock he received have seriously affected his heart and weakened that organ, and his nervous system is so shocked and impaired as to prevent him from proper rest day or night. That all of said injuries are permanent and have caused him to suffer great mental and physical pain, and will constantly hereafter cause him to suffer such pain, etc. The defendant answered by a general denial and a plea of contributory negligence. The trial of the case resulted in a verdict and judgment in favor of plaintiff for the sum of $11,500.

The evidence clearly establishes the negligence of the defendant alleged in plaintiff's petition and his injuries as its consequent and proximate result, but fails to show any negligence on his part contributing thereto. Indeed, it is not contended by the defendant that such negligence on his part was not proved or that any contributory negligence on the part of plaintiff was proved. As to the matters of fact, the only contention of defendant is that the verdict is excessive, and that a new trial should have been granted on that account. We have fully considered the evidence bearing upon the nature and extent of plaintiff's injuries, mental and physical sufferings he has endured and may continue to endure by reason of them, and from such consideration have been unable to reach the conclusion contended for by the defendant. We therefore sustain the verdict as to the amount of damages assessed. This disposes of the second, third, and fourth assignments of error.

The first, and only remaining assignment, complains of this paragraph: "If you find for the plaintiff and believe from the evi-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

dence that he sustained any of the injuries alleged in his petition, then you will award him such damages as you believe from the evidence will fairly compensate him for such injuries, if any, as are alleged in his petition, and which you find are sustained by the evidence" of the court's charge. We can perceive no error in it.

The judgment is affirmed.