ANDREWS v. WILDING.   (No. 5771.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1917. Rehearing Denied March 21, 1917.)

1. TRIAL ☞280—OBJECTIONS TO INSTRUCTIONS—SUFFICIENCY.

An objection to an instruction because it referred the jury to plaintiff's petition for a statement of his injuries does not raise the point that there was no evidence of some of the injuries there alleged.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 691–693.]

2. TRIAL ☞233(3) — INSTRUCTIONS — REFERENCE TO PETITION.

An instruction, referring the jury to plaintiff's petition for a statement of injuries claimed, is not erroneous although the court mentioned the wrong paragraph of the petition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 529.]

3. TRIAL ☞350(6)—SPECIAL FINDINGS—NECESSITY.

Refusal to require a jury to specify which of several injuries plaintiff suffered is not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830.]

4. APPEAL AND ERROR ☞1052(2)—HARMLESS ERROR—EVIDENCE.

Admitting evidence that it was easier to operate a railroad switch without a lock is not reversible error, where similar testimony was received without objection, and was an obvious conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4172.]

5. TRIAL ☞132—ARGUMENT OF COUNSEL.

Even if the arguments of plaintiff's counsel to the jury were improper, the case will not be reversed where the remarks were withdrawn, the jury instructed not to consider them, and three arguments for appellant followed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 315, 316.]

6. APPEAL AND ERROR ☞1070(2)—HARMLESS ERROR — FINDING UNSUPPORTED BY EVIDENCE.

A jury finding of negligence on a special issue unsupported by evidence does not necessitate a reversal, where other findings of negligence support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4232, 4233.]

7. TRIAL ☞350(5)—SPECIAL FINDINGS—NECESSITY.

Refusal to require a jury finding regarding which of plaintiff's injuries were the result of hysteria is not erroneous, especially where the hysterical conditions were traceable back to the physical injuries.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830.]

8. APPEAL AND ERROR ☞731(1) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the verdict is excessive is too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3017.]

9. DAMAGES ☞134(1) — EXCESSIVE — PERMANENT INJURIES.

$22,000 is not excessive damages where a railroad employé, aged 29, earning $135 monthly, with good chances of promotion, received injuries rendering him a helpless cripple for life, with practically no earning ability.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 368, 386, 389–394.]

Appeal from District Court, San Patricio County; W. W. Walling, Special Judge.

Action by Alfred Wilding against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude Pollard, of Houston, E. H. Crenshaw, Jr., of Kingsville, and Robt. W. Stayton, of Corpus Christi, for appellant. Presley K. Ewing and L. E. Blankenbecker, both

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of Houston, and J. C. Houts, of Sinton, for appellee.

MOURSUND, J. Appellee, a fireman, sued appellant, his employer, for damages, upon allegations that he was injured, by reason of negligence of appellant, in a wreck on the line operated by appellant. The case was submitted on special issues, and, upon the verdict returned, judgment was entered for appellee for $22,000.

By special issue No. 12 the jury was required to find the amount "which would compensate plaintiff for injuries, if any, which he has alleged and proved." This issue is not objected to, and need not be stated in full. Following this issue, the court said:

"The plaintiff alleges the injuries which he claims to have suffered from the derailment in question in paragraph 11 of the second amended original petition as filed herein, to which you may refer; and in assessing his damages, if any, you will consider only such injuries, if any, as are herein both alleged and proved."

[1, 2] This paragraph was objected to by defendant "for the reason that the same refers the jury to the second amended original petition for statement of the alleged injuries." The objection was overruled, and appellant's first assignment of error complains of the overruling thereof. This objection amounts to no more than a request to the court to state in his charge the injuries alleged by plaintiff, and cannot be stretched into objection that some of the injuries alleged are not supported by evidence, and therefore should not be submitted at all. The injuries alleged are stated specifically in paragraph 10 of the petition, and not paragraph 11, and the court made a mistake in that respect, which, however, was not called to his attention by objection. The paragraph referred to by the court did not relate to injuries, and paragraph 13 merely states the results of the injuries upon plaintiff. The jury could not have been misled in any way or failed to find the paragraph relating to injuries, and we conclude the court did not err in failing to copy such paragraph or the substance thereof in his charge. The assignment cannot be extended so as to be construed to complain of the charge on the ground that it left it to the jury to determine what injuries alleged were supported by evidence, for the objection did not apprise the court of any such contention. Prior to the passage of our statute requiring objections to be made to the charge, assignments attacking similar charges were considered by this court in the cases of Freeman v. Courtney, 134 S. W. 260, and Railway v. West, 155 S. W. 343, as against objections more specific than the one urged by defendant herein, and the assignments were overruled. The assignment is overruled.

[3] The second assignment complains of the failure to submit a special issue inquiring whether plaintiff suffered any of many injuries described or mentioned in the ques-

tion, and, if so, which ones. The answer to this question could have been of no value unless as the basis for an argument that the verdict was excessive. It would be improper to permit the jury to be cross-examined in regard to every step taken by them, and the giving of such issues would result in disagreements on trivial and practically immaterial matters. S. A. & A. P. Ry. v. Stuart, 178 S. W. 17. The assignment is overruled.

[4] By the third assignment complaint is made because the court admitted the testimony of witness E. B. Brown, to the effect that it was easier for the brakemen to operate a switch without a lock being upon it. This testimony was objected to as irrelevant to any issue in the case, and it is contended that it did not tend in any way to prove that the person who removed the lock at Bullard's switch was a brakeman or other employé of defendant. The plaintiff had alleged that the wreck was due to an open switch, and, among other allegations charging negligence with reference thereto, it was alleged that if defendant's employés in that behalf—

"if not leaving such switch open, negligently left said switch unlocked or in such condition that it was thereby likely to come partly open, or be partly opened, and left in that condition, as otherwise it would not have been."

It was also alleged that the switch was not provided with a reasonably sufficient light and lock or not provided with either a light or lock. Defendant alleged that the switch was partly open solely by reason of the fact that some person or persons for whose act defendant was and is in no way responsible, shortly before the derailment, removed the lock and switch light from the switch and opened the switch partly. Appellant contends that the testimony was prejudicial in view of the fact that it was developed that defendant's brakemen were negroes, and that one of them who worked around the switch several days before the wreck was present at the trial, but not called to testify, and that plaintiff's counsel repeatedly, by questions objectionable in their nature and withdrawn on objection, insinuated to the jury that locks of main line switches at the time in question were frequently not in place, and there had been accusations against the negro brakemen concerning their leaving locks off because they did not want to go to the trouble of locking and unlocking them. The witness Brown further on was interrogated further about the same matter, and gave, in substance, the same testimony; but, as the bill of exceptions contains all of his testimony on this subject, it may be that the objection was considered as urged to all the questions propounded to him with regard to the matter. However, we find from appellant's statement that in the cross-examination of appellant's witness Bolling he testified that it was a frequent occurrence for switches to be unlocked and locks missing; that he had heard that negro brakemen were

accused of throwing the locks away; that it was more trouble for the brakemen to unlock a switch and turn it and then lock it again than if there is no lock on the switch. No objection was made to this testimony, but further on objection was made to a sweeping question concerning many switches on the railroad operated by appellant, said objection being that:

"Said line of testimony was objected to because it had nothing to do with the switch in question."

The question was withdrawn. We do not understand that this objection was intended to relate back to the other questions and answers, and it therefore appears that the same testimony, the admission of which is assigned as error, was introduced without objection. In addition, there being testimony to the effect that switches were locked and as to the method of operating switches, and as to the kind of locks used, all of which testimony was unobjectionable, any person would know that the presence of the locks made the work of operating the switch more troublesome than if no lock was used. The statement by a witness of such obvious conclusion could not injure defendant; and, even if the testimony was improper, it must be held to have been harmless. Other testimony and questions excluded may have operated to the prejudice of appellant, but we are confined to the assignment of error presented, and it may be that appellant suffered injury by not placing the brakeman on the stand who was in attendance on the court, but the failure to do so was the voluntary act of appellant. The assignment is overruled.

[5] The fourth, sixth, and eighth assignments complain of certain statements used by one of plaintiff's counsel in argument, which statements were withdrawn upon objection and the jury instructed not to consider the same. We doubt whether the statements made were objectionable, but, if so, in view of their withdrawal and of the fact that they were made in the opening argument which was followed by three arguments for defendant, we conclude that we would not be justified in reversing the judgment on account thereof. The assignments are overruled.

[6] By the fifth assignment it is contended that the affirmative answer of the jury in response to defendant's requested special issue No. 14 is contrary to the overwhelming preponderance of the testimony to the extent of showing that the verdict was the result of bias and passion on the part of the jury. The issue was as follows:

"If you have found that the tank of the engine upon which plaintiff was at work was insecurely attached to the tank frame, and that such condition, if any, of said tank was due to negligence upon the part of defendant, his agents or employés, then say whether or not such condition of said tank was a proximate cause of the injuries now complained of by plaintiff."

We conclude that the finding is supported by sufficient evidence to justify the jury in making the same. However, there being other findings of negligence proximately causing the injuries which support the judgment, a reversal would not follow even if appellant were correct in its contention. The jury found that the switch was partly open as the train approached upon which plaintiff was fireman on the occasion in question; that this condition rendered the track defective and not reasonably safe; that such condition of the track was due to negligence of defendant; that such negligence was a proximate cause of the alleged injuries to plaintiff; that the headlight of the engine was insufficient for the reasonably safe operation of the engine; that such condition constituted negligence on the part of defendant; and that such negligence was a proximate cause of the injury. In answer to some of the many special issues submitted by defendant, the jury made other findings of negligence pleaded by plaintiff, and found that the same were proximate causes of the injuries to plaintiff. It is unnecessary, however, to set out the many issues and answers. Plaintiff pleaded and proved to the satisfaction of the jury a good case, regardless of the finding objected to in the assignment under consideration, and said assignment is overruled.

[7] By the seventh assignment complaint is made of the refusal to submit defendant's requested special issue No. 29, as follows:

"Say whether or not any of the injuries now complained of by plaintiff are the result of hysteria, and, if so, state which of the ailments now complained of resulted therefrom. Answer by saying 'No,' or by saying, 'All of them,' or by a list of the ailments, if any, which you believe resulted from hysteria."

The court did not err in refusing to submit this issue. The objections to the issue discussed in disposing of the second assignment apply to this issue. An affirmative finding could have had no value except to eliminate certain injuries from those to be considered by the trial court, and this court in passing on assignments complaining of excess in the verdict. If it was desired to exclude injuries caused by hysteria from being allowed for, an instruction to that effect should have been asked to be given in explanation of the issue requiring the jury to estimate the amount which would compensate plaintiff. By such means any rights of defendant would have been fully protected and the risk of mistrial avoided which might be based upon whether a certain injury was due to hysteria or not. Besides it occurs to us that if the hysteria existed as a result of the physical injuries sustained in the wreck, which was conceded by defendant's physicians, the conditions attributed to hysteria would all be traceable back to such physical injuries. The assignment is overruled.

[8, 9] The ninth and tenth assignments of error contain four grounds taken from the motion for new trial, in each of which it is

contended the verdict is excessive. Objection is made that the assignments are too general, and the same is well taken. However, the verdict is not excessive. The appellee was 29 years of age; his income $135 per month; his chances of promotion good; his injuries painful and permanent and probably progressive. Injuries to his spinal cord rendered him a helpless cripple for life, and a sufferer, with practically no ability to labor or earn money.

The judgment is affirmed.