## MEINEN v. MUESSE.
### No. 7998.

Court of Civil Appeals of Texas. Austin.
May 30, 1934.

Geo. E. Lenert, of La Grange, and Richard W. Mayfield, of Giddings, for appellant.

Edw. H. Moss, of La Grange, for appellee.

BAUGH, Justice.

Suit was by appellee, plaintiff below, against appellant, defendant below, for a balance of $207.25, alleged to have been due appellee by appellant for personal services as housekeeper and nurse, rendered by her to appellant's wife during a period of 94 days beginning April 3, 1932. Trial was to a jury upon special issues, and, based upon their finding, the court rendered judgment in favor of appellee for the amount sued for; hence this appeal.

Appellee predicated her suit upon an alleged oral contract between her and appellant to pay her $3 a day for the services rendered. There was no denial of the employment. In defense appellant alleged that no amount was agreed upon at the time of the employment, and that on the following day after such services began appellee agreed with appellant's wife to render such services at the rate of $1 per day. He admitted liability to that extent, alleged that he had agreed to give her an additional $10 for extra services rendered his wife while he was away from home with her father, taking treatment at Marlin, Tex. He pleaded payment of $74.25,

and tendered into court $29.75 as being the balance due the appellee.

But one issue was submitted to the jury, which was: "How much did the defendant agree to pay, if anything, to plaintiff for the services rendered by her to defendant, per day?" To this issue the jury answered, $3.

■ The first contention made by appellant complains of the exclusion of testimony tendered by him as to the services rendered by him to appellee's father, appellant's brother, while they were taking treatment together at Marlin. We think there was no error in this. Appellant did not allege any charge for these services, and we fail to see where such testimony had any bearing upon the amount, if any, appellant agreed to pay to appellee for her services. In any event, substantially the same testimony was given by appellant upon cross-examination, and the error, if any, was harmless.

■ The next contention relates to appellant's objection to the special issue submitted and the refusal of the court to submit a special issue requested by appellant. The issue submitted presented the contract alleged and testified to by appellee. However, the appellant expressly denied in his pleadings and in his testimony that any such agreement was made; and expressly pleaded that appellee entered into a contract with his wife, after such services began, to perform same for compensation of $1 per day. Appellant complains of the refusal of the trial court to charge the jury in connection with the special issue submitted, "that any agreement made and entered into by and between the plaintiff and the defendant's wife touching the amount of her compensation per day, would be in law construed to be an agreement with the defendant George Meinen." The services rendered were undoubtedly necessaries for the use and benefit of the wife, for which she would have authority to bind her husband by contract. It may be doubted, however, if the instruction requested as bearing upon the issue submitted would be a proper method of presenting his defense to the jury. The appellant did, however, object to the issue submitted by the court, because it presented only the plaintiff's demand, and failed to submit the appellant's defenses pleaded and testified to by him and by his wife. Appellant also requested that there be submitted to the jury, independent of the agreement by appellee, the question of whether or not the appellee made a contract with appellant's wife to work for $1 per day. While the special issue requested was proba-

bly defective in form, it clearly called the court's attention to the failure of the issue submitted to the jury to present the appellant's defense to appellee's suit. Being expressly pleaded as a defense, the agreement alleged to have been made between the appellee and appellant's wife, supported by the testimony of appellant and of his wife, should have been submitted to the jury; and, having requested its submission, though in defective form, it then became the duty of the court to make proper submission of such issue to the jury. Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820, 822. Under these circumstances, the appellant cannot be held to have waived the defenses expressly pleaded, by failure to request such issue in proper form. It is long since well settled that it is the duty of the court to submit the defenses pleaded where there is evidence to support them, as much as to present the issues made by plaintiff's pleadings and testimony. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Ullrich v. Schramm (Tex. Civ. App.) 64 S.W.(2d) 1041. This we think the trial court in the instant case failed to do.

Appellant also complains of the trial court's refusal to grant a new trial on the ground of newly discovered evidence. The appellee's father, who was the brother of appellant, testified that he was present and heard appellant agree to pay his daughter, appellee herein, $3 a day for her services. Appellee testified to a like agreement. After the trial appellant discovered, without lack of diligence on his part it appears, the following evidence, which is shown by the affidavits of the newly discovered witnesses:

Sworn statement of Henry Meinen, another brother of appellee's father, that appellee's father had told him that he knew nothing at all about what the agreement as to compensation was between his daughter and the appellant; that he was present when appellant came to make the arrangements with his daughter; but that nothing was then said about what amount appellant was to pay her.

■ The newly discovered witness also stated that, because it was a family affair, he had said nothing to anybody about such statement until after the trial; but that, because of his brother's testimony, which was contrary to a statement made to the witness, he felt it his duty to disclose same to the appellant. This testimony was in the nature of impeaching testimony. The general rule is that newly discovered evidence, which is merely cumulative or impeaching in its nature, of the testimony of other witnesses, is not sufficient ground for a new trial. However, the affidavit

of another newly discovered witness was produced which did, we think, afford grounds for the granting of a new trial. That was the sworn statement of another witness, not related to any of the parties, and not discovered until after the trial, that during the time appellee worked for appellant, or shortly after she quit working for him, she told said witness, in response to the direct question addressed to appellee as to how much appellant was to pay her: "Really, there is no certain price made out. I asked Uncle George what he was willing to pay me, and he told me that he would pay me well." While this statement, coming directly from the appellee herself, was impeaching in character, it was also an admission against interest made by appellee on the very subject-matter of the suit; that is, whether or not there was an express contract to pay a specific amount. As such it constituted not only impeaching testimony, but clearly admissible evidence upon the principal fact in issue; and was of such character, we think, as might reasonably or probably result in a different verdict upon another trial of the case. Lancester v. Settle (Tex. Civ. App.) 204 S. W. 772; Payne v. Douglas (Tex. Civ. App.) 241 S. W. 238; Huggins v. Carey, 108 Tex. 363, 194 S. W. 133; 46 C. J. 279, 282.

For the reasons stated, we have concluded that the judgment of the trial court should be reversed and the cause remanded for another trial.

Reversed and remanded.